ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Attorneys for Plaintiff JARRELL ELLSWORTH,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRELL ELLSWORTH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAZER SPOT, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-CV-02122-SRM-DTB<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF FOR:**<br><br>1. Violation of 15 U.S.C. § 1681b(b)(2)(A);<br>2. Violation of 15 U.S.C. § 1681b(b)(3);<br>3. Violation of 15 U.S.C. §§ 1681b(f), 1681q;<br>4. Violation of California Civil Code § 1786.16(b);<br>5. Violation of California Civ. Code § 1786.40(a);<br>6. Violation of California Gov. Code § 12952, et seq.;<br>7. Violation of California Civil Code §§ 1786.16(a)(4) and 1786.20(c);<br>8. Violation of California Labor Code § 432.7;<br>9. Violation of Business & Professions Code § 17200, et seq.<br>10. Penalties Pursuant to California Labor Code § 2699, et seq.<br>11. Declaratory and Injunctive Relief<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

Plaintiff JARRELL ELLSWORTH ("Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendants LAZER SPOT, INC. and Does 1 through 50, inclusive (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. This class action arises from the acquisition and use of consumer reports or investigative consumer reports (referred to collectively as "background reports" or "consumer reports" for the sake of brevity) to conduct background checks on Plaintiff and prospective employees.

2. Defendants routinely obtain and use information from background reports in connection with their hiring processes without complying with state and federal mandates for doing so.

3. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks all applicable and available remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, in at least two separate ways: (1) failure to provide proper pre-authorization disclosures; and (2) failure to provide proper adverse-action disclosures.

4. First, the procurement of background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA. Among other things, an employer may not procure a background report concerning a job applicant or employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that consists solely of the disclosure informing the applicant or employee that a report may be obtained for employment purposes.

5. Second, Defendants failed to provide pre-adverse-action notices to applicants when relying on information contained in their consumer reports to make employment decisions.  The FCRA requires users of consumer reports to follow certain procedures and provide certain disclosures prior to taking adverse actions against applicants based in whole or in part on their consumer reports.  Among other things, prior to taking an adverse action based in whole or in part on the consumer

-1-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

report, an employer must provide a "pre-adverse-action notice," which includes a copy of the consumer report and a current version of the FCRA Summary of Rights issued by the Consumer Financial Protection Bureau (CFPB).

6. Defendants failed to provide a copy of the consumer report and a current version of the FCRA Summary of Rights prior to taking adverse action against numerous applicants, including Plaintiff.

7. In addition to violating the FCRA, Defendants violated California's Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civil Code § 1786.40, by taking adverse action without providing applicants notice of such action.

8. Defendants also violated California's Fair Chance Act, Cal. Government Code § 12952 by taking employment action based on prohibited information and failing to provide notice to the applicant of the employer's preliminary decision to reject the applicant based on a criminal conviction.

9. As further alleged herein, Defendants' violations occurred because Defendants have willfully failed to follow the statutory mandates before preparing, furnishing, seeking, acquiring, and using background reports for employment purposes; violated the express and unambiguous provisions of the relevant statutes; or failed to implement reasonable procedures to assure compliance with statutory mandates.

10. On behalf of himself and putative class members, Plaintiff seeks all available remedies, including but not limited to actual damages, statutory damages, punitive damages, injunctive relief, costs and expenses of litigation including attorney's fees, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## PARTIES

11. Defendant Lazer Spot, Inc. is a company that operates in California.

12. At all times mentioned herein Plaintiff was and is a resident of the State

-2-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

of California.

13. The true names and capacities, whether individual, corporate, associate, or whatever else, of the defendants sued herein as Does 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as Does is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when their identities become known.

14. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the employee, agent, partner, alter-ego, and/or joint venturer of the other defendants; that defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto; and that the acts of each defendant are legally attributable to the other defendants.

15. Venue is proper in this judicial district pursuant to Code of Civil Procedure § 395.5 because the obligations giving rise to liability occurred in the County of San Bernardino, State of California.

## FACTUAL BACKGROUND

16. Lazer Spot, Inc., doing business as Lazer Logistics Inc., is a third-party yard management services company that provides spotting, shuttling, trailer rentals, gate personnel staffing, and computerized yard management services. The company is the largest independent provider of comprehensive yard management services and solutions in the United States.

17. Plaintiff applied for a job with Defendants in or around January 2026.

18. Upon information and belief, in connection with Plaintiff's job application, Defendants procured or caused to be procured a background report on Plaintiff from a consumer reporting agency or investigative consumer reporting agency (hereinafter, "CRA").

-3-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

19. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report[1] for employment purposes unless a disclosure is made to the applicant or employee in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes and the applicant or employee authorizes, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

20. Defendants violated the FCRA by failing to provide Plaintiff and other members of the putative class with the requisite disclosure that a consumer report may be procured for employment purposes. In fact, Defendants provided no disclosure or notice whatsoever to Plaintiff and putative class members. As a result, Defendants were not authorized to procure consumer reports on them.

21. Upon information and belief, the consumer report Defendants procured on Plaintiff contained criminal record information relating to an arrest or other proceeding that did not result in conviction.

22. Based on this background report, Defendants declined to hire Plaintiff.

23. However, Defendants did not provide Plaintiff and, upon information and belief, other adversely affected applicants, with (1) a copy of the background report before taking adverse action or (2) the FCRA Summary of Rights promulgated by the Consumer Financial Protection Bureau (CFPB), as required by section 1681b(b)(3)(A) of the FCRA.

24. Defendants also did not provide Plaintiff or other adversely affected California applicants with Defendants' preliminary decision to reject the applicant based on criminal record information, an opportunity to respond, and notice of the final denial of employment based on such conviction, as required by California's Fair Chance Act.

25. Defendants received, considered, and used consumer reports furnished by consumer reporting agencies containing criminal record information of arrests or other proceedings that did not result in conviction, in violation of Labor Code § 432.7

-4-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

and California's Fair Chance Act.

26. Defendants knew or reasonably should have known that failing to provide an applicant disclosures, obtain authorization, provide pre-adverse-action notices, and rely on criminal record information relating to pending charges violated the law because:

- the plain language of the FCRA and ICRAA;
- Defendants' communications with CRAs that are or should be knowledgeable about state and federal consumer-reporting requirements;
- appellate court opinions that predated the misconduct alleged herein;
- upon information and belief, Defendants' certifications to its CRAs regarding its compliance with the provisions of the FCRA, ICRAA, and Fair Chance Act at issue in this Complaint. *See* 15 U.S.C. § 1681b(b)(1); Cal. Civ. Code § 1786.16(a)(4).

27. Similarly, Defendants knew or reasonably should have known that receiving and using criminal record information of arrests or proceedings that did not result in conviction ran afoul of express restrictions in Labor Code § 432.7 and the Fair Chance Act and thus would violate state equal employment opportunity laws, in direct violation of the FCRA and ICRAA.

28. Despite Defendants' knowledge of their legal requirements under these laws, Defendants systematically failed to comply with these requirements.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following classes and subclass:

> **FCRA Pre-Authorization Class**: All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendants within the longest applicable limitations period and on whom Defendant procured one or more consumer reports.

-5-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

**California Pre-Authorization Subclass**:  All persons residing in the California who applied for employment with or were employed by Defendants within the longest applicable limitations period on whom Defendant procured one or more investigative consumer reports.

**FCRA Adverse Action Class**:  All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendants within the longest applicable limitations period against whom Defendants took adverse employment action based in whole or in part on information contained in a consumer report.

**California Adverse Action Subclass**:  All persons residing in California who applied for employment with or were employed by Defendants within the longest applicable limitations period against whom Defendants took adverse employment action based in whole or in part on information contained in an investigative consumer report.

**California Fair Chance Class**:  All persons who applied for employment with Defendants in California within the longest applicable limitations period (a) on whom Defendants ordered a background report, (b) whom Defendants did not hire, and (c) whose background report contained a record of a criminal conviction or other criminal record information identified in Government Code section 12952.

**California Labor Code Section 432.7 Class:** All persons in California on whom Defendants took adverse employment action based in whole or in part on criminal record information pertaining to an arrest or other proceeding that did not result in conviction within the longest applicable limitations period.

30. Members of the classes and subclasses, as described above, will be referred to as "class members."  Excluded from the classes and subclasses are:  (1) Defendants, any entity or division in which any Defendant has a controlling interest,

-6-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff and members of their immediate family. Plaintiff reserves the right to amend the above classes and subclass and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

31. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the classes and subclass are easily ascertainable.

### A. Numerosity

32. Although the precise number of class members has not been determined, Plaintiff estimates that the classes and subclass consist of hundreds of members and that the identity of such persons is readily ascertainable by inspection of Defendants' employment and/or hiring records. Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### B. Common Questions Predominate

33. There are questions of law and fact common to the classes and subclass that predominate over any questions affecting only individual class members. Thus proof of a common set of facts will establish the right of each class member to recovery. These common questions of law and fact include but are not limited to:

a. Whether Defendants violated section 1681b(b)(2)(A)(i) of the FCRA by failing to provide putative class members with a "clear and conspicuous" disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

b. Whether Defendants violated section 1681b(b)(3)(A) of the FCRA by failing to provide applicants with copies of their consumer reports

-7-

before taking adverse action, as required by section 1681b(b)(3)(A) of the FCRA;

c.   Whether Defendants violated section 1681b(f) of the FCRA falsely certifying that it would use the background reports for a proper purpose;

d.   Whether Defendants violated the Cal. Civ. Code § 1786.12(a)(2)(B) by failing to provide putative class members with a clear and conspicuous disclosure in writing before procuring an investigative consumer report in a document that consists solely of the disclosure that an investigative consumer report may be obtained;

e.   Whether Defendants violated section 1681b(f) of the FCRA by violating state equal employment opportunity laws;

f.   Whether Defendants violated the ICRAA by failing to advise Plaintiff and class members that it intended to take adverse action against them and by failing to supply the name and address of the investigative consumer reporting agency making the report about them, as required under Cal. Civ. Code § 1786.40(a);

g.   Whether Defendants violated California's Fair Chance Act, Cal. Gov't Code § 12952;

h.   Whether Defendants violated Labor Code § 432.7 by using criminal record information pertaining to arrests and other proceedings that did not result in convictions when making employment decisions;

i.   Whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code § 17200 *et seq.*;

j.   Whether Plaintiff and the classes and subclasses are entitled to declaratory and injunctive relief.

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

### C.   Typicality

34. Plaintiff's claims are typical of the claims of the class members because Defendants obtained a consumer report on Plaintiff without providing him with a disclosure and obtaining his authorization and engaged in adverse action against Plaintiff based in whole or in part on a background report without providing him with the proper notices.  Further, Defendants prepared, disclosed, and used prohibited criminal record information on Plaintiff for employment purposes.  The factual underpinning of Defendants' misconduct is common to all class members and represents a common thread of misconduct resulting in injury to all class members. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

### D.   Adequacy

35. Plaintiff will fairly and adequately represent and protect the interests of the classes and subclass.  Counsel who represent Plaintiff and putative class members are experienced and competent in litigating class actions.

### E.   Superiority of Class Action

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of putative class members is not practicable, and questions of law and fact common to class members predominate over any questions affecting only individual class members.  Each class member is entitled to recovery as a result of the violations alleged herein.  Moreover, because the damages suffered by individual members of the classes and subclass may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the classes and subclass to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

difficulties in managing this case that should preclude class action.

## FIRST CAUSE OF ACTION

## VIOLATION OF the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A)

### *(Brought on behalf of the FCRA Pre-Authorization Class)*

37. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

38. Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

39. Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA because they are "individuals."

40. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:
(b) Conditions for furnishing and using consumer reports for employment purposes.
…
(2) Disclosure to consumer
   (A) In general
   Except as provided in subparagraph (B), a person may
   not procure a consumer report, or cause a consumer report to
   be procured, for employment purposes with respect to any consumer,
   unless—
      (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

      (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.  (Emphasis Added.)

41. As alleged above, Defendants violate Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and putative class members with a clear and conspicuous written disclosure before a consumer report is procured or caused to be procured that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

42. Furthermore, because Defendants' disclosure is inadequate and noncompliant, Plaintiff and putative class members could not and did not authorize in writing the procurement of consumer reports on them.

43. As alleged above, Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful because Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and putative class members.

44. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

45. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

46. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3)(A)**

*(Brought on behalf of the FCRA Adverse Action Class)*

47. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

48. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

49. Section 1681b(b)(3)(A) of the FCRA requires that before anyone takes

-11-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

any adverse action based in whole or in part on a consumer report he or she must first "provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer under this subchapter, as prescribed by the [Consumer Financial Protection Bureau] under section 1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the Consumer Financial Protection Bureau (CFPB).

50. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants has a policy and practice of taking adverse actions against applicants, including Plaintiff, based in whole or in part on their consumer reports without first providing them with copies of the reports or a current version of the FCRA Summary of Rights promulgated by the CFPB.

51. As alleged above, Defendants' conduct in violation of Section 1681b(b)(3)(A) of the FCRA was and is willful in that Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants, including Plaintiff and class members.

52. As a result of Defendants' conduct, Plaintiff and other applicants suffered injury in that they were denied the right to review a copy of their consumer reports before Defendants took adverse action against them.  This failure to send pre-adverse action notices led Plaintiff and the other putative class members to lose the opportunity to make timely informed decisions about their employment, including among other things reviewing the report for completeness and accuracy and remedying or attempting to remedy or explain information contained in their reports to obtain employment or otherwise seek other employment.

53. Pursuant to 15 U.S.C. § 1681n, Plaintiff on behalf of himself and all class members seeks all available remedies, including actual, statutory, and punitive damages, and attorneys' fees and costs.

54. In the alternative to the allegation that these violations were willful,

-12-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

**VIOLATION OF FAIR CREDIT REPORTING ACT,**

**15 U.S.C. §§ 1681b(f), 1681q**

***(Brought on behalf of the FCRA Adverse Action Class, the California Adverse Action Class, and the California Fair Chance Class)***

55. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

56. Section 1681b(f) of the FCRA provides, in relevant part:

"(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless

…

"(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

"(2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification."

57. Section 1681b(b)(1)(A)(ii) provides in pertinent part:  "Conditions for Furnishing and Using Consumer Reports for Employment Purposes.  (1) Certification from user.  A consumer reporting agency may furnish a consumer report for employment purposes only if (A) the person who obtains such report from the agency certifies to the agency that – (i) the person … will comply with paragraph (3) [requiring the provision of a pre-adverse-action notice to adverse affected applicants or employees] with respect to the consumer report if paragraph (3) becomes applicable;  and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation[.]"

58. As alleged above, Defendants violated Section 1681b(f) of the FCRA by obtaining consumer reports on Plaintiff and class members without providing proper and true certifications to its CRAs regarding the use of the consumer reports,

-13-

including certifications that Defendants would provide FCRA Adverse Action Class Members with copies of their reports and a summary of their rights under the FCRA, as required under section 1681b(b)(3). In this way, Defendants impermissibly accessed consumer reports on Plaintiff and the members of the FCRA Adverse Action Class, in violation of 15 U.S.C. § 1681q.

59. Defendants also violated Section 1681b(f) with regard to the California Fair Chance Class and Labor Code Section 432.7 Class by using prohibited criminal record information in a manner that violates California equal employment opportunity laws, namely, Labor Code § 432.7 and California's Fair Chance Act, Cal. Gov. Code § 12952. Specifically, Defendants obtained and used a record of arrest or other proceeding that did not result in conviction for employment purposes; moreover, Defendants based employment decisions on applicants' criminal record information without providing these applicants with the notices required under the Fair Chance Act.

60. Section 12952 requires an employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history to make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position, considering such factors as the nature and gravity of the offense or conduct, the time that has passed since the offense or conduct and completion of the sentence, and the nature of the job held or sought. If the employer intends to disqualify the applicant based on his or her conviction history, the employer must notify the applicant of this preliminary decision in writing and specifically identify the disqualifying conviction(s), include a copy of the history report, and provide an explanation of the applicant's right to respond to the notice of preliminary decision before it becomes final within five business days. If the employer makes a final decision to deny the application solely or in part because of the applicant's conviction history, the employer must notify the applicant in writing of the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

disqualification, any existing procedure the employer has for the applicant to challenge the decision or request reconsideration, and the applicant's right to file a complaint with the Department of Fair Employment and Housing.

61. Defendants violated Section 12952 by failing to conduct individualized assessments of Plaintiff and other members of the California Fair Chance Act class and give them the appropriate notifications, as described in the preceding paragraph.

62. Further, as alleged hereinbelow, Labor Code § 432.7 prohibits a prospective employer from seeking from any source whatsoever or utilizing as a factor in determining any condition of employment, including hiring, a record of arrest or other proceeding not resulting in conviction, and also prohibits prospective employers from knowingly receiving or possessing such information. Defendants violated Labor Code § 432.7 with regard to Plaintiff and, upon information and belief, other applicants by procuring, obtaining, receiving, and possessing such criminal record information.

63. Because Defendants' use of consumer reports was in violation of state equal employment opportunity laws and regulations, Defendants violated the FCRA, which requires compliance with state equal employment opportunity laws, *see* 15 U.S.C. § 1681b(b)(1)(A)(ii), and the failure to so comply constitutes a violation of Section 1681b(f).

64. Defendants' violations of the foregoing provisions harmed Plaintiff and putative class members by denying them job opportunities and the ability to make timely and informed decisions about their employment, as alleged hereinabove.

65. Defendants' conduct in violation of Section 1681b(f) of the FCRA was and is willful in that Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants, including Plaintiff and class members.

66. Pursuant to 15 U.S.C. § 1681n, Plaintiff on behalf of himself and all class members seeks all available remedies including actual, statutory, and punitive damages, and attorneys' fees and costs.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

67. In the alternative to the allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT (ICRAA),**

**CAL. CIV. CODE § 1786.16(b)**

***(Brought on behalf of the California Pre-Authorization Subclass)***

68. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

69. Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

70. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

71. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

72. Section 1786.16(a)(2)(B)(iv)-(vi) of the ICRAA provides in relevant part as follows:

> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
> …

-16-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

73.  Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide Plaintiff and putative class members with a clear and conspicuous disclosure that an investigative consumer report may be obtained in a document that consists solely of the disclosure, as alleged above.

74. On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing the required disclosures under Cal.

-17-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

Civ. Code § 1786.16(a)(2)(B).

75. Defendants willfully violated and continue to violate the ICRAA including, but not limited to, Section 1786.16(a)(2)(B). Defendants' willful, reckless, or grossly negligent conduct is reflected by, among other things, the facts set forth above.

76. As a result of Defendants' willful, reckless, or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff and class members have been injured by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

77. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIV. CODE § 1786.40

***(Brought on behalf of the California Adverse Action Subclass)***

78. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

79. Section 1786.40(a) of the ICRAA provides in relevant part as follows:

(a) Whenever … employment … is denied … under circumstances in which a report regarding the consumer was obtained from an investigative consumer reporting agency, the user of the investigative consumer report shall so advise the consumer against whom the adverse action has been taken and supply the name and address of the investigative consumer reporting agency making the report.

80. Defendants violated Section 1786.40(a) of the ICRAA by failing to advise Plaintiff and California Adverse Action Subclass Members that they took adverse action against them under circumstances in which a report regarding the consumer was obtained, and it failed to supply the name and address of the

-18-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

investigative consumer reporting agency making the report about them.

81. Plaintiff, on behalf of himself and all California Adverse Action Subclass Members, seeks actual damages, statutory damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1786.50.

## SIXTH CAUSE OF ACTION

## VIOLATION OF FAIR CHANCE ACT, CAL GOV. CODE § 12952

### *(Brought on behalf of the California Fair Chance Class against Defendants)*

82. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

83. Government Code § 12952(c)(1)(A) provides, "An employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history shall make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position. In making the assessment described in this paragraph, the employer shall consider all of the following: (i) The nature and gravity of the offense or conduct. (ii) The time that has passed since the offense or conduct and completion of the sentence. (iii) The nature of the job held or sought. (B) An employer may, but is not required to, commit the results of this individualized assessment to writing."

84. "If the employer makes a preliminary decision that the applicant's conviction history disqualifies the applicant from employment, the employer shall notify the applicant of this preliminary decision in writing.  That notification may, but is not required to, justify or explain the employer's reasoning for making the preliminary decision.  The notification shall contain all of the following: (A) Notice of the disqualifying conviction or convictions that are the basis for the preliminary decision to rescind the offer.  (B) A copy of the conviction history report, if any.  (C) An explanation of the applicant's right to respond to the notice of the employer's preliminary decision before that decision becomes final and the deadline by which to

-19-

respond … (3) The applicant shall have at least five business days to respond to the notice provided to the applicant under paragraph (2) before the employer may make a final decision.  If, within the five business days, the applicant notifies the employer in writing that the applicant disputes the accuracy of the conviction history report that was the basis for the preliminary decision to rescind the offer and that the applicant is taking specific steps to obtain evidence supporting that assertion, then the applicant shall have five additional business days to respond to the notice.  (4) The employer shall consider information submitted by the applicant pursuant to paragraph (3) before making a final decision." Cal. Gov. Code § 12952(c)(2)-(4).

85. Further, "If an employer makes a final decision to deny an application solely or in part because of the applicant's conviction history, the employer shall notify the applicant in writing of all the following:  (A) The final denial or disqualification . . . (B) Any existing procedure the employer has for the applicant to challenge the decision or request reconsideration.  (C) The right to file a complaint with the department." Cal. Gov. Code § 12952(c)(5).

86. Section 12952 also prohibits an employer, when conducting a conviction history background check, from considering an arrest not followed by a conviction, incorporating Labor Code § 432.7.  *See* subd. (1)(3)(A).

87. Defendants violated section 12952 because it failed to make the individualized assessment required by subsection (c)(1)(A) and also failed to provide Plaintiff and other California Fair Chance Class Members with the notice required by subsection (c)(2) and opportunity and mechanism to respond and challenge the refusal to hire based on the background report.

88. Defendants declined to hire Plaintiff and, on information and belief, other California Fair Chance Class Members based on information in their background reports without performing the required individualized assessment or providing them notice and an opportunity to challenge the denial of employment. Moreover, on information and belief, Defendants failed to provide rejected applicants

-20-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

with the notice required under Cal. Gov. Code § 12952(c)(5).

89. Further, Defendants were prohibited, when conducting a conviction history background check, from considering an arrest not followed by a conviction pertaining to Plaintiff and upon information and belief other job applicants.

90. As a direct and proximate result of the foregoing violations, Plaintiff and putative class members have been harmed in that they have been denied employment based on improper information and without proper notice to allow them to make timely and informed employment decisions.

91. Consequently, Plaintiff on behalf of himself and putative class members seeks all available remedies, including but not limited to damages and equitable relief, namely, declaratory and injunctive relief.

92. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

93. Prior to filing this action, on or about January 12, 2026, Plaintiff submitted a complaint to the Department of Fair Employment and Housing (DFEH) and obtained an immediate right-to-sue notice.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT,

### CAL. CIV. CODE §§ 1786.16(a)(4) AND 1786.20(c)

*(Brought on behalf of the California Adverse Action Subclass and California Fair Chance Class)*

94. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

-21-

95. Under California Civil Code § 1786.16(a)(4), a person may not procure or cause to be prepared an investigative consumer report unless, among other things, "[t]he person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b) [setting forth adverse action notice requirements]."

96. Further, Section 1786.20(c) of the ICRAA prohibits any "inquiry for the purpose of preparing an investigative consumer report on a consumer for employment purposes if the making of the inquiry by an employer of the or prospective employer of the consumer would violate applicable federal and state equal employment opportunity law or regulation."

97. Defendants violated Section 1786.16(a)(4) of the ICRAA by obtaining investigative consumer reports on Plaintiff and others similarly situated without providing proper and true certifications to their CRAs regarding the use of the investigative consumer reports, including certifications that Defendants would provide California Adverse Action Subclass Members with the notification required pursuant to Cal. Civil Code § 1786.40.  In this way, Defendants impermissibly accessed investigative consumer reports on Plaintiff and the members of the California Adverse Action Subclass.

98. Defendants also violated these sections of the ICRAA by procuring or causing to be prepared investigative consumer reports on Plaintiff and California Fair Chance Act and Labor Code Section 432.7 Class Members in violation of state equal employment opportunity laws and regulations, namely, the requirements of the Fair Chance Act and Labor Code § 432.7, as alleged above.  As a result, Defendants did not have a legitimate purpose to procure and furnish investigative consumer reports on Plaintiff and other California Fair Chance Class Members, and any certification made to the contrary was inaccurate and false.

99. Accordingly, Plaintiff seeks on behalf of himself and other California

-22-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

Adverse Action and Labor Code Section 432.7 Class Members all available remedies, including but not limited to statutory and punitive damages, attorneys' fees and costs pursuant to Cal. Civ. Code § 1786.50.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 432.7

***(Brought on behalf of the California Labor Code Section 432.7 Class)***

100. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

101. Labor Code § 432.7(b) prohibits an employer from seeking from any source whatsoever, or utilizing, as a factor in determining any condition of employment including hiring any record of arrest or proceeding that did not result in conviction, such as pending charges.

102. Further, Labor Code § 432.7(g)(3) prohibits anyone who is not authorized by law to receive or possess criminal record information pertaining to an arrest or other proceeding that did not result in a conviction to knowingly receive or possess such information.

103. Defendants violated the foregoing provisions of Labor Code § 432.7 in that Defendants knowingly received criminal record information pertaining to an arrest or other proceeding that did not result in a conviction.

104. Pursuant to Labor Code § 432.7(c), Plaintiff and each Labor Code § 432.7 Class Member is entitled to statutory damages in the amount of $200 per violation, plus costs and reasonable attorneys' fees.

105. Further, because the foregoing violations were intentional in that Defendants knowingly received such reports and took employment action based on them, Defendants are liable for statutory damages in the amount of $500, plus costs and reasonable attorneys' fees.

///

///

-23-

### NINTH CAUSE OF ACTION

### VIOLATION OF THE CAL. BUS. & PROF. CODE § 17200, *et seq.*

### *(Brought on behalf of all California Classes)*

106. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

107. California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of these three criteria to be considered unfair competition.

108. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal Bus. & Prof. Code § 17200.

109. An unlawful business practice under the UCL is one that violates any other law while being a business practice.

110. Defendants' conduct is unlawful as alleged hereinabove in that it violates the FCRA, ICRAA, Fair Chance Act, and Labor Code § 432.7.

111. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to affected consumers.

112. Defendants violated the unfair prong of the UCL by, among other things, relying on inappropriate material in background reports and failing to disclose the information to job applicants, thereby depriving the applicants of the ability to make timely and informed employment decisions and hurting their employment prospects. These practices also potentially have a disparate impact on underrepresented groups, including African American and Latino job applicants. Such job applicants often face disparate impact due to systemic barriers, including the overrepresentation in the criminal justice system, which can limit employment

-24-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

opportunities. This disproportionate exposure to legal scrutiny contributes to unequal hiring outcomes, reinforcing broader racial and ethnic disparities in economic mobility.

113. The gravity of the harm to the public caused by these unfair acts and practices far outweighs any justifications or motives offered by Defendants, which could be addressed by following the proper or otherwise reasonable procedures for making hiring decisions, such as the provision of adequate notice to adversely impacted job applicants.

114. By their conduct, Defendants have engaged in unfair competition and unlawful and unfair business practices.

115. As a result of the foregoing unfair, fraudulent, and unlawful business practices, Plaintiff has suffered injury in fact and lost money or property in the form of lost wages as well as the failure to timely obtain access to reported information to which Plaintiff had a possessory interest.

116. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks all available remedies, including restitution and injunctive relief to prevent the use or employment by Defendants of the unlawful and unfair business practices complained of herein.

**TENTH CAUSE OF ACTION**

**CIVIL PENALTIES PURSUANT TO LABOR CODE § 2699, *et seq.***

***(Brought on behalf of the California Labor Code Section 432.7 and***

***Fair Chance Classes)***

117. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

118. Plaintiff brings this claim as a representative action on behalf of prospective and current and former aggrieved employees of Defendants.

119. Plaintiff is an aggrieved employee as defined under Labor Code § 2699(c) in that he suffered the violations alleged in this Complaint and was a

-25-

prospective employee of the violator.

120. Plaintiff seeks penalties under Labor Code § 2699 for Defendants' violation of all Labor Code provisions identified in this Complaint.  These penalties shall be allocated as follows: 75 percent to the Labor and Workforce Development Agency (LWDA) and 25 percent to the affected prospective, current, and former employees.

121. On or around February 17, 2026, Plaintiff gave written notice by online filing with the LWDA and by certified mail to the Defendant Lazer Spot, Inc. of the specific Labor Code provisions alleged to have been violated and paid the required filing fee.  LWDA has not given notice of its intent to investigate the alleged violations of the Labor Code provisions listed in Labor Code § 2699.5 that are identified in this Complaint within 65 calendar days of the postmark date of the aforesaid notice.

**ELEVENTH CAUSE OF ACTION**

**DECLARATORY AND INJUNCTIVE RELIEF**

***(Brought on behalf of all Classes)***

122. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

123. An actual controversy as described hereinabove exists between Plaintiff and Defendants concerning their respective legal rights and obligations for purposes of California Code of Civil Procedure §§ 1060 through 1062, and a judgment will serve a useful purpose in clarifying and settling the legal relations in issue and will terminate and afford relief from the uncertainty, if any, giving rise to the proceeding.

124. At a minimum Plaintiff seeks a declaration that Defendants may not rely upon information relating to an arrest or pending charge that did not result in a conviction for use in employment decisions and that by doing so Defendants violate equal employment opportunity laws or regulations.

-26-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

125. Plaintiff also seeks an injunction prohibiting Defendants from seeking from any source whatsoever, or utilizing, as a factor in determining any condition of employment including hiring any record of arrest or proceeding that did not result in conviction.

126. Plaintiff and others have suffered irreparable injury in that they have lost job opportunities and are at imminent risk of losing further job opportunities from Defendants' reliance on inappropriate criminal record information, and the available remedies at law are inadequate to compensate for the foregoing injuries because such remedies cannot adequately compensate for the economic and noneconomic loss of future employment opportunities or the chilling effect of such conduct on Plaintiff and other job applicants.

127. Plaintiff further seeks an award of attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the class and subclass, prays as follows:

A.    For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be appointed counsel for the class and subclass;

B.    For a declaration that Defendants' practices violate the FCRA, ICRAA, Fair Chance Act, and Labor Code § 432.7;

C.    For penalties pursuant to Labor Code § 2699, as may be proven;

D.    For an award of actual, statutory, and punitive damages;

E.    For an injunction, including a public injunction, prohibiting Defendants from engaging in the prohibited practices described above and requiring Defendants to comply with applicable laws as described above;

F.    For an order awarding reasonable attorneys' fees and the costs of suit herein, including but not limited to an award of attorneys' fees and costs;

-27-
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF

G.    For an award of pre- and post-judgment interest; and

H.    For such other and further relief as may be deemed necessary or appropriate.

DATED: June 18, 2026                                 COUNSELONE, PC


                                                    By /s/ Justin Kachadoorian
                                                    Anthony J. Orshansky
                                                    Alexandria Kachadoorian
                                                    Justin Kachadoorian

                                                    *Attorneys for Plaintiff JARRELL ELLSWORTH and the Proposed Clas*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: June 18, 2026                                 COUNSELONE, PC


                                                    By  /s/ Justin Kachadoorian
                                                    Anthony J. Orshansky
                                                    Alexandria Kachadoorian
                                                    Justin Kachadoorian

                                                    *Attorneys for Plaintiff JARRELL ELLSWORTH and the Proposed Class*

-28-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF